Chief Judge Cooke
(dissenting). Section 296 of the Executive Law prohibits employment discrimination based on “marital status.” Because appellant’s “anti-nepotism” rule discriminates against married persons in supervisor-supervisee relationships solely on the basis of their status as mar *515 ried persons, I dissent and vote to affirm the order of the Appellate Division.
Appellant, Manhattan Pizza Hut, Inc., a nationwide restaurant chain, has a stated policy of not permitting an employee to supervise his or her “relative.” The company’s definition of relative includes a spouse. The majority, in annulling the State Human Rights Appeal Board’s determination that the rule violates section 296 (subd 1, par [a]), focuses on the business concerns that presumably motivated Pizza Hut to promulgate its rule. In doing so, the majority overlooks the important discriminatory aspect of the rule. Certainly the mixture of close personal relationships and the supervisor-supervisee role may create friction between the persons involved and resentment among co-workers. The addition of “marital status” to the categories of proscribed discrimination under section 296 (L 1975, ch 803, § 1) did not declare concern about such potential conflicts to be unfounded. The amendment did, however, place bounds on the methods that could be used to limit or prevent such conflicts.
The rule implemented by Pizza Hut does not directly address the problem of employee conflicts based on close personal relationships between supervisors and those supervised. It does not prohibit managerial personnel and other employees from establishing close personal relationships, but instead looks only to the marital status of the persons involved. If the employees are married, one partner may be transferred or terminated. If they are not married, but instead are merely living together, engaged, or otherwise involved with each other’s personal lives, the blanket prohibition does not apply. Indeed, if the discharged employee in this case and her husband had divorced, Pizza Hut’s rule would have allowed her to continue in her position at the restaurant supervised by her husband. Contrary to the majority’s assertion, this is more than merely a burden placed upon certain marital relationships based on the individuals involved. The rule directly affects marital status itself and is ipso facto triggered by marriage, not by conflict.
This discrimination has two deleterious effects. First, it may discourage persons in such situations from marrying, *516 or encourage them to divorce. Second, it may hinder one spouse from obtaining employment. Although neither effect may be particularly pronounced in a large urban area with a wide choice of prospective employers, such rules could create real hardships in smaller communities where one employer dominates the job market. This pressure to choose between marriage and employment undermines the well-established protected status of marriage. “The freedom to marry has long been recognized as one of the vital personal rights essential to the orderly pursuit of happiness by free men” (Loving v Virginia, 388 US 1, 12). This interference with the choice to marry has prompted the highest courts of two States to reject reasoning similar to that of the majority here in striking down antinepotism rules (Kraft, Inc. v State of Minnesota, — Minn —, 284 NW2d 386 [Minn] ; Washington Water Power Co. v Washington State Human Rights Comm., 91 Wn 2d 62).
Only if such discrimination could be justified as a bona fide occupational qualification could it be permitted under section 296 (City of Schenectady v State Div. of Human Rights, 37 NY2d 421; New York State Div. of Human Rights v New York-Pennsylvania Professional Baseball League, 36 AD2d 364, affd 29 NY2d 921). Pizza Hut has established no such justification, since the rule fails to squarely address the problem it was ostensibly designed to meet — conflicts between employees’ personal lives and job responsibilities.
In light of the failings of Pizza Hut’s policy, this court should not strain the language of section 296 (subd 1, par [a]) to give employers a green light to discriminate on the basis of marriage. An employer should be free to prevent personal relationships between supervisors and other employees from disrupting the work environment through rules focused on such a problem, not by unwarranted interference with a protected status. In any event, an employer should not be allowed to institute a policy of arbitrary discrimination against only some of the employees whose relationships might pose a conflict, based solely on their status as married persons.
The holding of the majority eliminates the very protec *517 tion from discrimination, because of marriage, that a husband and wife are entitled to under the statute.
Judges Jasen, Gabrielli, Jones, Wachtler and Meyer concur with Judge Fuchsberg; Chief Judge Cooke dissents and votes to affirm in a separate opinion.
Order reversed, with costs, and the order of the State Human Rights Appeal Board annulled.